

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 25, 1972

Dr. Bevington Reed
Commissioner, Coordinating Board
Texas College and University System
State Finance Building
Austin, Texas   78701

Dear Dr. Reed:

Opinion No. M- 1073

Re: Disannexation of Midland
Independent School District
from Odessa Junior College
District, and creation of a
new district.

In your recent letter you related the facts attending the annexation of the Midland Independent School District to the Odessa Junior College District and requested the opinion of this department on the following questions:

"(1)  Can the Midland Independent School District be disannexed legally, by a resolution of the Board of Regents, and created thereby into a separate junior college district?

"(2)  If this is not a legal procedure, could the legislature make it legal by 'validating' the action of the Board?

"(3)  If not, if the Board of Regents passed a resolution merely recommending that the district be split into two junior college districts, can the legislature legally create the new district by 'validating' the recommendation of the Board?

"(4)  The legislature in the past has passed some legislation permitting part of a junior college district to disannex from the rest of the district. Do any of these present laws apply to the facts described above in the expansion of the Odessa Junior College District?

"(5)  If not, would additional legislation have to be passed which would apply to the set of facts regarding the expansion of the Odessa Junior College District?

-5257-

"(6)   If so, in the same legislation, could the legislature provide, constitutionally, for the creation of a junior college district, comprising the area which has been disannexed?

"(7)   In previous legislation permitting disannexation of a part of a junior college district, has a majority vote of qualified voters of the entire district been required?

"(8)   Are any public school laws applicable to this particular situation which would leave the original Odessa Junior College District intact, and permit the Midland Independent District to leave the present junior college district?

"(9)   If questions above do not lead to a method of disannexation of the Midland Independent School District, would you please outline a plan which would be constitutional?"

There is at present no statutory authority for disannexing the Midland Independent School District by resolution of the Board of Regents.  There being no authority for such disannexation under existing laws, the only recourse would be legislative action.  Any law authorizing such disannexation  would have to be a general law, under Article III, Section 56 of the Texas Constitution.

Similarily, territory disannexed under a valid law could be formed into a new district, but that must be done under available general law and not by special statute.

We regret that we are unable to answer your other questions concerning proposed legislation.  We are restricted in this field to legislation either finally enacted or in the legislative process.

We understand that your question No. 4 relating to existing laws providing for disannexation refers to Section 130.069 of the Education Code.  That section does not apply to the facts here under consideration.

### S U M M A R Y

There is no statutory authority for disannexing the Midland Independent School District from the Odessa Junior College District by resolution of the Board of Regents.

Any law authorizing such disannexation would have to be a general law under Article III, Section 56 of the Texas Constitution.

The creation of a new district would have to be under general law.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James Hackney
Houghton Brownlee
Lynn Taylor
Pat Bailey

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant